### FEDERAL BRIDGE CO. v. HANSON COUNTY, S. D.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1924.)

No. 6466.

1. **Appeal and error ⬅1041(2)—Any error in denying motion to amend petition held harmless.**

Any error of the court in denying motion to amend petition to declare on a different contract was harmless, where court passed on such other contract, and it was unenforceable.

2. **Highways ⬅113(3)—Contract held unenforceable.**

Where county entered into contract with plaintiff, which was sent to Highway Commission for approval, and returned unapproved, with request that it be revised, and county and plaintiff subsequently executed another contract, following former contract in almost all essential respects, first contract was unenforceable.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by the Federal Bridge Company against Hanson County, S. D. Judgment for defendant, and plaintiff brings error. Affirmed.

A. H. Orvis, of Yankton, S. D., and Alan Bogue, Jr., of Parker, S. D., for plaintiff in error.

George J. Danforth, of Sioux Falls, S. D., and W. R. Danforth, of Alexandria, S. D. (E. D. Barron, of Sioux Falls, S. D., on the brief), for defendant in error.

Before STONE and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an action by the bridge company against the county for damages on account of breach of a contract under which the bridge company was to haul and place gravel upon a designated public road in the county. The breach alleged is, that after making the contract with the bridge company, the county contracted for the same services with another party who performed and was paid therefor. As originally filed, the petition declared upon a written contract, set out therein, dated June 12, 1920. At the trial, plaintiff asked and was denied leave to amend its petition to conform, as it claimed, to the proof by substitution for the above contract of an earlier one upon the same subject, dated April 14, 1920.

The defense urged and adjudged by the court was that the contract of June 12 was never entered into in a manner to bind the county because the county commissioners did not act in conformity with the state statutes governing them in such matters. While the court denied the above amendment to the petition, he considered the earlier contract covered thereby in his memorandum opinion wherein he expressed his view that neither contract had ever become binding upon the county. Jury having been waived, the court made findings of fact and entered judgment on the merits in favor of the county. The bridge company sues this writ of error from that judgment.

[1] The brief of plaintiff in error disregards the rules of this court regarding the statement of points, authorities and arrangement of its argument and we would be justified in disregarding it entirely. The assignments of errors are as follows: Assignment No. 1 challenges the elimination from consideration by the court of the contract of April 14, 1920; assignment No. 2 challenges the conclusion of the court that, because the June 12, 1920, contract was void, the company was not entitled to recover damages because of a breach of the April 14th contract; assignment No. 3 complains of error because the court did not permit recovery for a breach of the April 14th contract. Counsel for the company assert that the third assignment sufficiently covers the other two. These assignments when considered in connection with the record present this situation, to wit: They abandon the June contract which was the only basis of the petition and rely entirely upon the April contract which was excluded from the pleadings. Ordinarily, this would leave but one matter for consideration by us: Whether the court erred in denying the motion to amend the petition. However, as this amendment came at the end of the case when all of the evidence had been introduced and as it was sought for the purpose of conformity with the proof, we may examine whether this denial by the court was substantially harmful to plaintiff in error. We are moved to do this by the circumstances that the court, in his memorandum opinion, considered and passed upon the validity and binding effect of the April contract and that the parties have discussed that contract in their briefs.

[2] Having in mind that the plaintiff in error has abandoned here all reliance upon the June contract, as it has not made any assignment of error challenging the determination of the trial court that the June contract was not binding upon the county, we enter consideration of the April contract. The State Highway Commission had undertaken the improvement of a trunk highway which ran across Hanson county. The county had contracted with the state (through the Highway Commission) to furnish all labor and material to improve that portion of this highway which lay within the county. This work was to be done in accordance with plans and specifications therefor approved by the Commission. The plaintiff in error company desired to perform, for the county, a portion of this work, to wit, furnishing and placing the gravel. In April, 1920, the company endeavored to make a contract with the county to furnish and place gravel on a designated part of this highway. This contract was forwarded to the Highway Commission for approval. The Commission returned the contract unapproved with the request that it be revised. The next move in the matter by either of the parties was the contract of June. This later contract covered the identical subject-matter involved in the April contract and followed the terms of the April contract in almost all essential respects. It is very clear that both parties regarded and treated the April contract as not binding. The reason may have been that they regarded the approval thereof by the Highway Commission as essential to its operation or they may have decided to abandon the contract when it met with disapproval from the Commission. Whatever the

reason, it is clear that neither of the parties thought of relying upon that contract until the company, at the close of this trial, sought to breathe life into it. We agree with the trial court that this April contract was and is unenforceable. Therefore, no harm was done the company when the court refused to allow the amendment substituting that contract as the basis of the suit.

The judgment is affirmed.